# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAIN A. GONZALES, | CASE NO. 1:12-cv-00053-AWI-SKO |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S COMPLAINT AND GRANTING 30 DAYS LEAVE TO AMEND** |
| v. | |
| CITY OF CLOVIS, et al., | (Docket No. 1) |
| Defendants. | |

## I.   INTRODUCTION

On January 11, 2012, Plaintiff Cain Gonzales ("Plaintiff") filed a complaint against the City of Clovis, the Clovis Police Department, and the Chief of the Clovis Police Department, Janet Davis. (Doc. 1) For the reasons set forth below, the complaint is DISMISSED without prejudice and Plaintiff is granted 30 days leave to file an amended complaint.

## II.   FACTUAL BACKGROUND

Plaintiff alleges that on September 13, 2010, police officers with the Clovis Police Department executed a search warrant at his residence, which resulted in charges against Plaintiff for possession of a controlled substance. (Doc. 1, ¶ 16.) During the course of the search, officers deployed a "flash-bang grenade" that caused Plaintiff second- and third-degree burns. (Doc. 1, ¶¶ 18, 20.) Further, Plaintiff asserts that the unidentified officers present at the search seized some of

Plaintiff's property, including seven television sets, two dell laptop computers, three HP laptop computers, two Apple laptop computers, and four I-phones. (Doc. 1, ¶ 40.) Plaintiff also alleges that during the course of the search, the officers ransacked the residence, destroying numerous expensive items of personal property, including gold jewelry, coins, laptops, computers, flat-screen monitors, and flat-screen televisions. (Doc. 1, ¶ 33.)

The search resulted in Plaintiff's arrest, after which he was transported to the Clovis Police Department where he was detained for fifteen hours before being transported to the Fresno Community Hospital, despite that he was severely burned and experienced pain and suffering from the grenade. (Doc. 1, ¶ 22.) Plaintiff was treated at the hospital for approximately four hours and was then returned to the Fresno County Jail where he was detained until he was booked. (Doc. 1, ¶ 22.)

After being booked, Plaintiff was bailed out of jail by a bail bondsman. (Doc. 1, ¶ 23.) However, Plaintiff had already been released by the police on his own recognizance due to overcrowding in the jail. (Doc. 1, ¶ 23.) Personnel at the jail failed to inform the bail bondsman that his client, Plaintiff, had been released on his own recognizance. (Doc. 1, ¶ 23.)

At some point after his release, Plaintiff was "sought after by a bounty hunter who despite his injuries took Gonzales by brute force . . . [and he] was taken to jail." (Doc. 1, ¶¶ 23-24.) Thereafter, Plaintiff was held at the jail for approximately six hours and was eventually released on his own recognizance. (Doc. 1, ¶ 25.)

After his release from jail, Plaintiff called the police department to report that some of his personal property had been stolen while he was being detained after his arrest on September 13, 2010. (Doc. 1, ¶ 26.) "While making that report, the police arrested [Plaintiff] again and charged him with receiving stolen property." (Doc. 1, ¶ 26.) Eventually, all charges against Plaintiff were dropped. (Doc. 1, ¶ 28.)

### III. DISCUSSION

**A. Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty

2

is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B.     Legal Standard**

In determining whether a complaint fails to state a claim, the Court applies the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

**C.     There is No Subject Matter Jurisdiction Over the Complaint**

Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A lack of subject matter jurisdiction may be raised at any time by either party or by the court sua sponte. *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

**1.     Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where

the matter is between "citizens of different States." Plaintiff Cain Gonzales and the Defendants are all citizens of California. As this matter is not one that is between "citizens of different States," the Court has no diversity jurisdiction.

### 2. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 227 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

#### a. Plaintiff's Claims Arise out of Alleged Violations of California Law

Plaintiff states nine causes of action: (1) conversion; (2) takings, violation of California Constitution, Article I, § 19; (3) unreasonable search and seizure, in violation of the California Constitution, Article 1, § 13; (4) abuse of process; (5) lack of due process, in violation of the California Constitution, Article I, § 7(a); (6) Bane Civil Rights Act, in violation of the California Civil Code § 52.1; (7) negligence; (8) intentional infliction of emotional distress; and (9) common law assault. (Doc. 1.)

Plaintiff alleges that the jurisdiction for his complaint is predicated on "Article VI, Section 10 of the California Constitution; Civil Code §§ 51.7 & 52.1; Code of Civil Procedure § 88; Government Code § 12960, and Penal Code §§ 1536, 1538.5 and 1540. Jurisdiction is also based on Civil Rights Violations under 42 U.S.C. [§] 1983." (Doc. 1, ¶ 3.) Plaintiff further contends that 18 U.S.C. § 242 and 42 U.S.C. § 14141 provide the Court with subject-matter jurisdiction. (Doc. 1, ¶ 3.)

With respect to alleged violations of the California Constitution, the California Civil Code, the California Government Code, and the California Penal Code, these are state laws and do not

support federal-question jurisdiction pursuant to 29 U.S.C. § 1331. Moreover, Plaintiff's claims for negligence, intentional infliction of emotional distress, and common law assault are common law claims that likewise arise under state law. These claims do not present a federal question that supports federal subject-matter jurisdiction.

### b. No Cognizable Section 1983 Claim is Pled

Although Plaintiff asserts that his claims arise under 42 U.S.C. § 1983, each claim specifically states that it arises under the California Constitution or California state law. Section 1983 of Title 42 of the United States Code does not provide substantive rights; rather, it is "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations and internal quotation marks omitted). In pertinent part, Section 1983 states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

To sufficiently plead a cognizable Section 1983 claim, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). Additionally, a plaintiff must allege that he suffered a specific injury and show a causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

Section 1983 does not provide a jurisdictional basis for Plaintiff's complaint in light of the fact that Plaintiff's Section 1983 claims allege violations of state law and do not indicate how Plaintiff was deprived of a federal right. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (courts should not undertake to infer one cause of action when a complaint clearly states a claim under a different cause of action; the party who brings a suit is master to decide what law he will rely upon (citing *Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir. 1999))). No cognizable Section 1983 claim is pled in Plaintiff's complaint.

1          Moreover, to the extent that Plaintiff is attempting to set forth a Section 1983 claim against
2 the Clovis Police Department, departments and other municipalities are not "persons" under Section
3 1983 and are thus not proper defendants.  While Section 1983 is not itself a source of substantive
4 rights, it provides a cause of action against any *person* who, under color of law, deprives an
5 individual of federal constitutional rights or limited federal statutory rights.  42 U.S.C. § 1983;
6 *Grahm v. Connor*, 490 U.S. 386, 393-94 (1989).   The term "persons" encompasses state and local
7 officials sued in their individual capacities, private individuals, and entities which act under the color
8 of state law and local governmental entities.  *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995-
9 96 (N.D. Cal. 1996).

10         The Clovis Police Department, however, is a municipal *department* and is not generally
11 considered a "person" within the meaning of Section 1983.  *See United States v. Kama*, 394 F.3d
12 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (noting that municipal police departments and
13 bureaus are generally not considered "persons" within the meaning of Section1983); *Vance*,
14 928 F. Supp. at 995-96 (dismissing *sua sponte* Santa Clara Department of Corrections as improper
15 defendant); *Jewett v. City of Sacramento Fire Dep't*, No. CIV. 2:10-556 WBS KJN, 2010 WL
16 3212774, at *2 (E.D. Aug. 12, 2010) (finding fire department not a "person" under Section 1983 and
17 dismissing suit against it); *Wade v. Fresno Police Dep't*, No. Civ. 09-0588 AWI DLB, 2010 WL
18 2353525, at *4 (E.D. Cal. June 9, 2010) (finding police department is not a "person" under Section
19 1983); *Morris v. State Bar of Cal.*, No. Civ. 09-0026 LJO GSA, 2010 WL 966423, at *3 (E.D. Cal.
20 Mar. 11, 2010) (finding that a fire department is a municipal department and therefore not a "person"
21 under Section 1983); *Sanders v. Aranas*, No. 1:06-CV-1574 AWI SMS, 2008 WL 268972, at *3
22 (E.D. Cal. Jan. 29, 2008) (finding Fresno Police Department improper defendant because it is a sub-
23 division of the City of Fresno); *Brockmeier v. Solano Cnty. Sheriff's Dep't*, No. Civ-S-05-2090 MCE
24 EFB PS, 2006 WL 3760276, at *4 (E.D. Cal. Dec. 18, 2006) (dismissing Sheriff's Department as an
25 improperly named defendant for purposes of Section 1983).  Therefore, the Clovis Police
26 Department is an improper defendant for any claim asserted under Section 1983.

27
28

       **c.**       **There is No Cognizable Claim Pursuant to 18 U.S.C. § 242**

To the extent that Plaintiff is asserting that any of his claims arise under 18 U.S.C. § 242, this section is a criminal provision that provides no basis for civil liability. Thus, there are no viable claims stated pursuant to 18 U.S.C. § 242 upon which jurisdiction could be predicated. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

       **d.**       **There is No Cognizable Claim Pursuant to 42 U.S.C. § 14141**

Finally, to the extent Plaintiff asserts that his claims may arise under 42 U.S.C. § 14141, no claim under Section 14141 is viable. Title 42 of the United States Code, Section 14141 only provides for a civil cause of action brought by the United States Attorney General. *See* 42 U.S.C. § 14141(b). Section 14141, does not provide a private right of action. *See, e.g., Clark v. Upton*, No. CV-F-07-888-OWW-SMS, 2008 WL 2025079, at *19 (E.D. Cal. May 9, 2008); *Evans v. U.S. Dep't of Educ. ex rel Cal. St. Univ. Stanislaus*, No. C 05-03185 SI, 2006 WL 294800, at *2 (N.D. Cal. Feb. 7, 2006).

**3.**       **Conclusion**

As Plaintiff does not adequately assert any claims pursuant to federal law, there is no subject-matter jurisdiction. Therefore, the complaint shall be dismissed without prejudice and with leave to amend.

**D.**       **Guidelines for an Amended Complaint**

Plaintiff is informed that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is cautioned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 664 F.2d 811, 814 (9th Cir. 1981)). If Plaintiff fails to amend the complaint, the Court will recommend that the case be dismissed with prejudice.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiff's complaint is DISMISSED, and he is GRANTED thirty (30) days LEAVE TO AMEND.

IT IS SO ORDERED.

**Dated:   April 13, 2012**                              /s/ Sheila K. Oberto
                                                                        UNITED STATES MAGISTRATE JUDGE